**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEVON WATKINS,<br><br>                  Plaintiff,<br><br>v.<br><br>NJDOC, et al.,<br><br>                  Defendants. | Civil Action No. 25-2093 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jevon Watkins's civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 6). Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.   BACKGROUND**

Plaintiff appears to be civilly committed in the Norristown State Hospital in Pennsylvania. (ECF No. 6 at 1-2.) Previously, however, he was imprisoned in New Jersey. (ECF No. 1 at 3.) Plaintiff's complaint appears to concern three separate events. First, Plaintiff alleges that he was attacked by another inmate for "no reason" in February 2020, while an inmate at Garden State

Correctional Facility, resulting in various injuries. (*Id.* at 3.) Plaintiff does not allege that this attack involved prison staff or that he was injured by staff as part of this attack. Instead, Plaintiff alleges that he was named by staff as a victim and called as a witness related to this attack in a later court hearing. (*Id.*) Second, Plaintiff alleges that, in November 2019, he was "almost killed" by multiple corrections officers in a "brutal assault" while imprisoned in Northern State Prison. (*Id.* at 4-5.) Plaintiff provides few details for this claim, but does list several officers allegedly involved in this incident. (*Id.*) Finally, it appears that Plaintiff attempts to allege a state law premises liability claim against the Garden State Correctional Facility based on the "known danger" of an unknown assailant who held Plaintiff at gunpoint and robbed him in the facility's parking garage in February 2025. (*Id.* at 8-10.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

In his first two claims, Plaintiff seeks to raise civil rights claims related to assaults he allegedly suffered from other inmates and correctional staff in 2019 and 2020. Even putting aside the fact that a private citizen—such as another inmate—is not a proper Defendant in a federal civil rights matter, these claims arose and accrued five years before Plaintiff filed this matter in March of 2025. Federal civil rights actions in New Jersey are subject to New Jersey's two-year statute of limitations for personal injuries actions, and generally accrue at the time a plaintiff had reason to know of his injuries – i.e., when an assault occurred. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). As Plaintiff's civil rights claims in this matter relate to assaults that occurred in

3

2019 and early 2020, more than five years before he filed this matter, his claims are clearly untimely. Absent a basis for equitable tolling, which this Court cannot discern from the current complaint, those claims appear to be barred and must therefore be dismissed without prejudice as untimely. To the extent Plaintiff believes he can make out a case for equitable tolling, he may do so in filing an amended complaint in this matter.

In his final claim, Plaintiff raises a state law premises liability claim against the NJDOC and Garden State Correctional Facility for events that occurred in February 2025 in which he alleges he was robbed at gunpoint in a state facility parking garage by an unknown assailant not connected to the prison or Department. As arms of the state, both the Correctional Facility and NJDOC, however, are entitled to Eleventh Amendment immunity and may therefore not be sued in this Court. *See, e.g., Prass v. N.J. Dep't of Corr.*, 651 F. Supp. 3d 764, 771 (D.N.J. 2023). Plaintiff's premises liability claim, raised only against these two state entities, must therefore be dismissed.[1] As all of Plaintiff's claims will therefore be dismissed at this time as time barred or because the Defendants are clearly immune from suit in this court, Plaintiff's complaint shall be dismissed in its entirety for failure to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is GRANTED; and Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. Plaintiff shall be

---

[1] The Court further notes that, under New Jersey law, a landowner generally can only be held liable for the *foreseeable* criminal acts of third parties of which a defendant has knowledge. *See, e.g., M.C. v. Harnad*, No. 21-19819, 2024 WL 3219494, at *4 (D.N.J. June 27, 2024). Plaintiff has pled no facts that would support a conclusion that the actions of the unknown assailant were in any way foreseeable or that the risk of such an event was known to the prison in any event. Plaintiff, therefore, would fail to state a plausible claim for relief for that reason as well.

granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**